And we wish you a good day. We will now hear argument in the case of J.J. Bazzi v. JPMorgan Chase Bank. I know you're going to start right off about the Supreme Court's recent case, and tell us what you think. Thank you, Your Honor. May it please the Court. My name is Susan Rotkiss. You can call me Susie. I am representing J.J. Bazzi, the appellant, in his appeal of the District Court's decision to compel arbitration in his Equal Credit Opportunity Act credit discrimination and adverse action case. It's a class action. The District Court dismissed it. We appealed. Last week, this Court asked us to address whether the Supreme Court's decision late last term in Smith v. Bazziri had any impact on this appeal. And it seems like a rolling theme this morning, whether this Court has jurisdiction to decide this appeal. On Monday, a panel of this Court decided another case. It was filed yesterday by J.P. Morgan Chase Bank, the appellee. I beg your pardon, Judge? The Woody case? The Woody case. Woody et al. v. Coinbase Global Inc. et al. We spent the better part of yesterday trying to figure out how we were going to modify our argument about whether Bazziri and how Bazziri applies to this Court's jurisdiction and whether this Court actually has to follow anything that was said in Woody. Woody was a... Let's assume, argue, and know that we don't. Of course, it's not a precedential decision. But as you know, and I'm just going to read this, the Court said, reaching the substance of plaintiff challenge would contravene the FAA's structure and purpose if Coinbase prevails at arbitration and the District Court does not vacate the resulting award. Nothing precludes plaintiffs from appealing at that time as Congress intended, and so on. So admittedly, some of our colleagues in a non-binding opinion, but they're basically saying in light of the Supreme Court's recent case law, we kind of have to pause here because sooner or later you're going to have to go back and get that order. Isn't that right? Judge, I want to answer your question yes or no, but of course I can't because I really want to plead my client's case here and why this Court doesn't have to follow the Woody panel. I mean, you do have to follow Bazziri, obviously. It overturned longstanding Ninth Circuit precedent for a reason, and Justice Sotomayor in her opinion says, look, Section 3 of the FAA means what it says. When a case is compelled to arbitration and a party requests a stay, you have to do it. You don't have discretion to dismiss, and of course the dismissal is a final order from which we appealed in this case and from which anybody appealed. So I'm wondering, is that the only fact that matters for jurisdiction, right? I mean, you could read Woody as sort of a good advice, you know, as opposed to a strict legal requirement to not address the merits of a question when the district court should have granted a stay as opposed to entered a dismissal. So we can all agree after Bazziri that should have happened. We shouldn't be here. The district court should have granted a stay. We wouldn't have had a final order, but that isn't what happened. The district court did grant a final order. We have jurisdiction over final orders. We have a final order in this case. Why shouldn't we just deal with it? Well, Mr. Bazziri thinks you should reach the merits of this case because a couple things. Woody did not address whether the Spazziri case is retroactive, right? But it did say, look, even though the court was following Ninth Circuit precedent in dismissing the case just like the district court did in Bazziri's case and it wasn't raised on a cross appeal, that was a decision specific to that panel. This panel could decide differently that this issue wasn't raised on appeal. The dismissal order was not raised. They could have raised it. They didn't. It was a final order. It's fully briefed. The Spazziri decision crossed paths with the briefing in this case. All of the principal briefing was completed when Spazziri came out. The appellant did still have time to file a reply brief. It wasn't on our radar that we should argue that the court didn't have jurisdiction. That's all true. That's all true. I totally credit that. But let's just say, arguendo, we followed your approach. And let's even say further, arguendo, that we decided in your favor. Couldn't the bank then say, wait a minute, you can't do that. The Supreme Court has said the district court has to grant a stay that you requested. What you just did is invalid. How do we deal with that? I don't know that that's a question for you to resolve right now. This is a jurisdictional question. Do you have jurisdiction to hear this appeal that's fully briefed up on the merits? And it's an important one. It's about contract formation. It is about whether there was an arbitration agreement and whether the district court applied the correct standard in resolving factual disputes when it's supposed to use the summary judgment standard. And so it creates a big problem for consumers, for plaintiffs who aren't equally matched to their opponents, whether there was contract formation. It should be subject to what this court has said, trial. A trial of the disputed facts. We can't solve those sort of policy issues and societal problems if we don't have jurisdiction. So I think you hit on the key issue a moment ago when you said Woody doesn't discuss whether Spazeri is to be applied retroactively. That seems to be the issue. Is it retroactive? If it is, then we are bound by it. If it is not, we could do what Woody did, which was to decide that we would send it back to the district court in any event. So did you look into that issue? Do you have any authority to suggest that Spazeri should not be applied before the date it was issued? Thank you, Judge. I did look into it, and I did not find anything dispositive that says you cannot apply this retroactively. In fact, I found cases, and I think the leading case is a very old case from 1991, I think, called Harper v. Virginia, Department of Taxation, that basically says these kinds of civil orders, these types of civil cases and Supreme Court rulings should apply retroactively. However, in every case that I read, even though I couldn't find any authority directly on point, and I'm not saying that my research last night was exhaustive, I would like the opportunity to brief it if it is a question in the Court's mind, seeing as how Woody just came out two days ago. The dicta, and it's not even really forceful dicta, it's just like, oh, in some civil circumstances, you might not apply a decision retroactively. And this seems like one that I could argue and that Mr. Bazzi and all consumers behalf, I would argue, is the perfect kind of case where you might not apply the Supreme Court's decision retroactively, but it would require the Court to reach into what the merits of the appeal are and that it is going back to Sotomayor's opinion. She says, look, we're applying Section 3 as Congress intended. The plain language means what it says. If you want to appeal a decision, if you want to appeal something related to the Federal Arbitration Act, you look to Section 16. And you can't appeal anything under Section 16 that's been stayed until the end of arbitration. So you try to square that with the fact that Congress enacted something like the Equal Credit Opportunity Act so that consumers, so that normal people could vindicate their human rights and their civil rights to further the anti-discrimination purposes of the statute, created an entitlement to an adverse action notice that had the actual reasons for denial of credit. And you're an able advocate for that point. I guess what we struggle with here, though, is this is a procedural issue. Yes, Judge. It doesn't decide the point you're talking about. It simply delays it. And initially, you had asked for the very thing that the Supreme Court seems to be saying we have to grant. What am I missing? Well, here we are appealing the merits of the case. And I see what you're saying. Chase did request a stay in this case. And under Sposieri, I think it's clear and the implications of Woody are clear. The district court should have dismissed. Because the question is right now, do you have jurisdiction? I would urge the court to accept jurisdiction based on the state of the law as it was when this case was fully briefed. And going forward, prospectively, Sposieri applies. We would know then, everybody would know what the implication of a stay is versus a dismissal. We could have made different decisions back at the trial court stage if he had dismissed it. I'm sorry, if the district court had not dismissed it. We would probably be concluded in arbitration by now if that were the case, and maybe we would be back in the district court. Don't you still get your day in court? So if we were to remand and instruct the district court to just stay the matter rather than dismiss it, you'd go through arbitration. And you could come back and make all of the arguments you want to make about whether the case was subject to arbitration. All of the things you're talking about is a policy matter. You still have that opportunity. It's true. But for the practical impact, I mean, just setting the table, what it's like for a consumer to have to go through arbitration. I mean, depending on what the result of that might be. Still deprived of the ability to arbitrate in class. It seems like duplicative, wasteful, and not bending towards the ends of justice to require a consumer to go through all of that when their opponent is the type of large, powerful financial corporation that's present in this case. But isn't that what Congress and now the Supreme Court have said we're required to do? Well, it's what they've said. Section 3 of the FAA is plain languages. But at the time that this case was decided, that was not in force. I mean, you're dealing with the Franz Kafka problem. It just goes on and on and on. We understand that. We really do. On a personal level, we can empathize. But the reality is that you'd ask for the stay if you'd been granted in the first place. You'd be right back where at least the Woody case says we're supposed to go. I just worry that if we decide the merits, and again, arguendo, we may not like what we decided on the merits. But say we did. The bank could then raise the very question we're talking about, and you'd still have a Kafkaesque problem. So litigation by its very nature today is of that nature, and it's frustrating for consumers and so on, and certainly for class action attorneys. So you're a very able lawyer. We appreciate the argument. But you can see what we have to struggle with here in light of this Supreme Court case. Do you want to save any of your time for rebuttal? Oh, yes. Thank you. I forgot to mention that at the beginning. I'll save two minutes, so my time is nearly up. Thank you. I knew there was a metaphor involved. I didn't think of Kafka. I was thinking of Schrodinger's Cat or Damocles' Sword or Hobson's Choice. So thank you very much. Kafka's The Trial, I think, really captures this. Say it again? The Trial. Yes, Judge. Often. The lovely piece. Often in this business. Thank you. Thank you. Very well. All right. So, Michelle, is it Chiu? Is that correct? Yes, Your Honor. May it please the Court. Michelle Park Chiu on behalf of Appellee J.P. Morgan Chase Bank. As Your Honors have noted, it would be entirely appropriate and consistent with the Supreme Court's instruction in Spizzeri to remand this case for the limited purpose of issuing a stay pending arbitration. By doing so, this Court does not need to address the substance of the challenge that appellant raised to the district court's order that compelled arbitration. And that result would be consistent with the unpublished opinion in Woody v. Coinbase that was issued earlier this week. Therefore, J.P. Morgan Chase Bank respectfully requests that this Court vacate the dismissal and remand with instructions to the district court to stay the action pending arbitration. So, counsel, I think that you're entirely correct that we don't have to address the merits. The question that I'm wrestling with is, do we lack the power to address the merits? Because there is a huge inefficiency issue here. If we don't, because the parties have both fully briefed the issues, they're both squarely, I mean, the issue is squarely in front of us. We can answer that. I don't know who benefits from the delay. Frankly, I don't know, like, on either side. Does anybody benefit from the delay or the time and money has been spent to queue this up for a decision? So that's what I want to know. Like, why does Spazzieri say we lack power to address the merits that have been presented? Yes, Your Honor. We believe that this Court does not have jurisdiction under Spazzieri and that it would be the appropriate result to remand. As Your Honors know, the Spazzieri case was issued three days after appellee J.P. Morgan Chase submitted its brief to this Court. Therefore, its instruction was not available to us to brief before this panel or before the Court. But now that we have that instruction, we see that the interpretation of the language of Section 3 of the FAA is clear, that the district court should have granted the stay, which is what J.P. Morgan Chase requested in filing its motion to compel. So what tells us in that statute and in Spazzieri that by not following the directed procedural course, we lack jurisdiction? I think we are in a procedural, the chronology of the procedural issue here is a little complex. I think what we can look at is that this Court can look at an issue that was not brought up on cross-appeal and we did not have the time to do so based on the timing of the briefing, as justice requires. And that is the same procedural analysis that was looked at in the Woody case. And that this circuit, this panel can exercise discretion as in the Coinbase case here, because the time to file a cross-appeal on this issue versus of dismissal versus stay had lapsed, and therefore there was no opportunity for appellee to raise that with the Court. I agree with Your Honors that there is no clear instruction to this circuit, to this panel, to say Spazzieri should be applied retroactively. However, we do think that doing so would be in the interest of justice. Again, as Your Honors noted, appellant will have his day in court pursuant to the arbitration agreement that he accepted. We understand that they contest the merits of the district court's finding regarding arbitrability. But he will be able to proceed with his claims on an individual basis in arbitration, and as a result will have his ability to have his day and his claims addressed by a panel. The bank takes the position that we don't have jurisdiction. It seems like in our Woody case they didn't say that. They simply said that the plaintiffs would have an opportunity to relitigate the issue after arbitration under 9 U.S.C. 16A1. Is that your position as well? We think that is consistent, yes, Your Honor. And I think that the issue here is that this appeal should never have come under Spazzieri, as there would be no final order. But we think the analysis in Woody v. Coinbase, again, as an unpublished opinion and non-precedential, is instructive here because the procedural posture is so similar. But, of course, to do what you're asking us to do, we have to have jurisdiction first, right? You want us to remand. That means we have to have jurisdiction over the order that's sitting in front of us to some extent. Otherwise, we have no power to even do that. That is fair, Your Honor. It's just there to dismiss. Yes, that is fair, Your Honor. And then I come back to, and maybe you answer or maybe I'm not understanding, what in the FAA provision and in Spazzieri tells me that if I have a final order, whether it should have been granted or not, it was, that I only have jurisdiction so far as to remand it, I don't have jurisdiction over the full order? Your Honor, I think that the language in the Woody case is helpful in stating that the substance, reaching the substance of plaintiff's challenge would contravene the FAA structure and purpose. The reason being, here, we are only here because the district court was following precedent that has been overruled. And so this court has the jurisdiction to correct that error, to say that the Smith v. Spazzieri instructions should apply, and this case should be remanded with instructions to stay pending arbitration. But to go further into the merits would basically give this court an ability to review an issue that was not, that should not properly have come here, and that the, because the district court has found that the lawsuit involved Well, no. It's an issue that is properly before us. It's just the timing of the issue. That is, yes, Your Honor. The timing of the issue has created a situation where the district court should have stayed the action and then instead dismiss it at its own discretion. Can you tell me what's the benefit to your client of not getting an answer to the merits right now? The benefit to our client is that we believe, and our priority has always been, that this case should proceed in arbitration. And so to go forward in arbitration has been our goal, and that was why we originally requested the stay consistent with Section 3 of the FAA. That makes sense in terms of the benefit. If procedurally things had gone the way they should have and you would have never been here and you wouldn't have had the delay built into the appeal process, I get that benefit, but we're here now. And the issue has been briefed, and you've put your side of the matter before us. And so in that circumstance, what's the benefit to your client of not getting an answer and having to rebrief this after you go to arbitration? And in that sense, Your Honors, they're really either a result. There is no substantive benefit in that sense. We did not raise or object to the dismissal by the district court at the time because, again, the priority was for these claims to be compelled into arbitration. And for that priority, whether it was versus a dismissal or a stay, didn't materially impact the outcome for our client. And so because the priority was to proceed in arbitration. But now that we have the instruction for the Supreme Court, we believe it's clear that the instruction, the district court's following the Ninth Circuit precedent at the time was erroneous. And now that we are here, that sending the case back to the district court to be remanded consistent with our request would be the appropriate result. I gather your position is that the Supreme Court's case is retroactive. Yes, Your Honor. We believe that is the case. And there have been other Ninth Circuit opinions that have corrected remand orders consistent with Smiths v. Bazzieri. We did not submit those to the court because it wasn't directly on point. But we do know that there are Ninth Circuit opinions that have done so previously, which we'd be happy to submit to this court if helpful. Are you aware of other situations where, and frankly I'm not, which is why I'm asking the question and we don't have this fully briefed. Other situations where a Federal court has jurisdiction over an order but only for a limited purpose as opposed to just you have jurisdiction. Is it a yes, no? Or can it be more nuanced than that? Your Honor, I would not be able to answer that question. I have not looked at that so broadly. So I unfortunately cannot provide a helpful response to that. I gather you do agree that we have jurisdiction sufficient to remand the case. Yes, Your Honor. I think that is correct. I think that is consistent not only with the Woody opinion that was released earlier this week, but with prior Ninth Circuit orders that have corrected remand instructions to be consistent with Smiths v. Bazzieri since that opinion was issued. I gather from your answer to Judge Forrest's question that you're relying on some other Ninth Circuit orders or decisions to conclude that Bazzieri is retroactive. But did you investigate and research the issue? Should the Supreme Court decision be applied retroactively? And if you did, what answer did you find and what case law did you rely on? Yes, Your Honor. We did look at that question. And similar to Appellant's counsel, we weren't able to find anything that was dispositive one way or the other on this question. And so we weren't able to identify any case that we could say is the actual answer for this particular situation. We were able to look at other circuit courts and how they have treated Smiths v. Bazzieri. But, again, there was no bright-line consensus on how that is being applied retroactively for cases that are in a similar procedural issue. I gather it is clear. If Bazzieri had been in effect before this appeal took place, you wouldn't be here. The court would have been required to issue the stay order. You would have gone to arbitration and the opposing side would have an opportunity under the case law to appeal from there to the degree one can appeal an arbitration. So if we say that Bazzieri is retroactive, are we really saying we put ourselves back in the situation where we would have been if this case had been decided when Bazzieri was in effect? I believe that would be yes, correct, Your Honor. That would bring this case into, and I can imagine there are not too many cases that are in this procedural situation. But by applying Smiths v. Bazzieri retroactively, that would be the result. We would agree with that. And we believe that doing so is appropriate not only with the Supreme Court's instruction but also with other opinions that are coming from this circuit, which as the Woody v. Coinbase panel concluded, Section 3 is mandatory, and thus we think it would be appropriate and in the interest of justice for applying that case here. Most importantly, because similar to the facts in the Woody case, Smiths v. Bazzieri was not available to J.P. Morgan Chase when we submitted our brief to this court, and therefore while there was no cross appeal, this circuit has broad power to address an issue that was not raised on cross appeal when justice requires. And we believe that those are the situation and circumstances here, so J.P. Morgan Chase would respectfully request that this court vacate the dismissal with instructions to stay pending arbitration. Unless there are any other questions from the panel. The question? I think not.  Thank you. All right. So, Ms. Rodkiss, you have some rebuttal time. Thank you, Your Honors. It's weird and uncomfortable when I don't have anything to powerfully rebut my opponent. Just asking the court to thoughtfully consider that this case is fully briefed up. The instructions from the Supreme Court and Bazzieri were not available to us, and they weren't available to the district court at the time that the decision was made. The court had and I think continues to have jurisdiction over this case, over this appeal, based on the state of the law as it was when the appeal was made. Let me ask you this, counsel. As you know, under our Miller v. Gammie case, when we have supervening authority that overrides our precedence, we have an obligation to do that. It seems pretty clear that Bazzieri does override our preexisting precedence regarding stays and the like. Doesn't that argue in favor of that we have to vacate this and send it back to the district court? Judge, I'm going to have to agree with you on that. It's, you know, I put our best argument forward in the interest of justice. Obviously, Bazzieri controls. Appreciate your honesty. That's a difficult spot. The Supreme Court sometimes hasn't agreed with the Ninth Circuit, too. What can I say? It's a rare thing, of course. Thank you, Judge. I have nothing else unless the court has any more questions for me. Thank you. Thanks, counsel, for your argument. We appreciate it. This is an interesting and challenging case. The case just argued is submitted.
judges: SMITH, BADE, FORREST